Argued and submitted October 21, 1991, remanded to reconsider child support; otherwise affirmed July 22, 1992

## In the Matter of the Marriage of

### Arleta Renee AINSWORTH, nka Arleta Renee Holmes,
*Appellant,*

*and*

### Joseph Scott AINSWORTH, *Respondent.*

### (CV 83-3-296; CA A67849)

835 P2d 928

Robert Norman Ehmann, Pendleton, argued the cause and filed the brief for appellant.

Samuel E. Tucker, Milton-Freewater, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

DEITS, J.

## DEITS, J.

Mother appeals the denial of her motion to increase father's child support obligation from $150 to $431 per month. We remand for the trial court to reconsider child support.

The parties' marriage was dissolved in 1983, and mother was awarded custody of their minor child. The judge required father to pay $150 per month child support. In 1990, mother requested modification of that order. There is no dispute that a change of circumstances has occurred. Father now has a child by his new wife and a stepchild living with him. The stepchild's father does not pay child support, and her mother has made no effort to collect it. Both parties are employed, as is father's spouse. Mother earns $1,290 per month. Father earns $1,820 per month, and his wife earns an average of $357 per month. In addition to normal living costs, the child has child care expenses of $110 per month, medical expenses not covered by insurance of $12 a month, expected dental expenses for braces and expenses for extracurricular activities of $78 per month.

In calculating the basic child support obligation under ORS 25.280 and the version of OAR 137-50-330 in effect at that time, the trial court found father's adjusted gross income to be $1,343, after giving him a credit of $477 for his new ("nonjoint")[1] child and the stepchild. The trial court found the basic child support obligation for the parties' combined incomes to be $397 plus $110 for work-related child care costs and $12 for medical expenses, or a total of $519 a month. It made no allowance for educational expenses. On the basis of their incomes, father was presumed to be responsible for 51 percent and mother for 49 percent of the total obligation. The trial court found father's share to be $265 per month. However, it applied the low income scale,[2] because father's adjusted gross income is below $1,500, and found his

---

[1] "Nonjoint child" is defined in the rules as:

"The legal child of one but not both of the parents subject to this determination. Specifically excluded from this definition are stepchildren." OAR 137-50-320(2).

[2] OAR 137-50-480, which provided an adjustment for low income noncustodial parents, was repealed effective January 1, 1991.

minimum presumed child support obligation to be $188. The court then subtracted $97, father's costs for medical insurance for the child and determined that his total presumed child support obligation is $91. However, the court did not modify the existing support obligation of $150, holding that it "would be a disservice to [the child] and an unnecessary burden on his mother."

■■     Mother argues that, because the court did not consider the income of father's new spouse, the gross income figures used by the trial court were incorrect. Father's spouse works part time. In 1989, she worked as a waitress and earned between $800 and $1,600 each month. At the time of trial, she was working as a school bus driver and anticipated average monthly earnings of $357. A spouse's income is not considered in calculating gross income under the guidelines. The only items that are included in gross income are a parent's own income and, in some cases, potential income. ORS 25.275; ORS 25.280; OAR 137-50-320(3).[3] A spouse's income is not considered in calculating adjusted gross income either. OAR 137-50-320(4).[4] However, a spouse's income may be considered under OAR 137-50-330(2)(a)(J),[5] which allows

----

[3] At the time of trial, OAR 137-50-320(2), since amended and renumbered OAR 137-50-320(3), provided:

" 'Gross income' means:

"(a) The gross income of the parent calculated pursuant to rules 137-50-340 and 137-50-350;

"(b) The potential income of the parent calculated pursuant to rule 137-50-360 in certain cases where the parent is unemployed or underemployed; or

"(c) A combination of gross income and potential income as calculated under subsections (a) and (b) of this section."

[4] At the time of trial, OAR 137-30-320(3), since amended and renumbered OAR 137-30-320(4), provided:

" 'Adjusted gross income' means gross income less the deductions for pre-existing child support obligations as allowed by rule 137-50-380 and the deductions for nonjoint and stepchildren as allowed by rule 137-50-400 and either the addition or deduction of court ordered spousal support as allowed by rule 137-50-390."

[5] The criteria listed in OAR 137-50-330(2)(a)(A)-(J) are identical in wording to the criteria listed in ORS 25.280(1)-(10) and the earlier version of OAR 137-50-330(2)(a). OAR 137-50-330(2)(a) provides that the presumed amount of child support may be rebutted by:

"(A)  Evidence of other available resources of a parent;

"(B)  The reasonable necessities of a parent;

the rebuttal of the presumed basic support amount when a parent's household has a financial advantage created by the income of a spouse. The rule requires that father's spouse's income should be considered under that criterion. Accordingly, it is necessary to remand to the trial court to determine if and to what extent the additional income available to father rebuts the presumed child support obligation.

■■ Mother also argues that the court should not have given father a credit for both his new child and the stepchild. The applicable rule at the time of trial did allow a credit for both children. On remand, the trial court must apply the guidelines in effect at the time of the new determination. We note that the current rule no longer allows a credit for stepchildren:

"(1) When either or both parents of the joint child subject to this determination are legally responsible for a nonjoint child who resides in that parent's household, a credit for this obligation shall be calculated pursuant to sections (2) through (9) of this rule." OAR 137-50-400.

On remand, the expenses incurred for the stepchild may be considered only under OAR 137-50-330(2)(a), which allows the rebuttal of the presumed basic support amount for any reasons that make the presumed obligation unjust or inappropriate, including the number and needs of other dependents of a parent. OAR 137-50-330(2)(a)(E).

---

"(C) The net income of a parent remaining after withholdings required by law or as a condition of employment;

"(D) A parent's ability to borrow;

"(E) The number and needs of other dependents of a parent;

"(F) The special hardships of a parent;

"(G) The needs of the child;

"(H) The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(I) The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; and

"(J) The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife."

*See also* ORS 25.280.

Mother also contends that the court should have increased the child support obligation by $78 for education expenses to cover the costs of extracurricular activities, including karate, swimming and music lessons and Cub Scouts. Under the rule in effect at the time of trial, the child support obligation could be increased to recognize education expenses. OAR 137-50-440.[6] However, that rule has been repealed and, on remand, the trial court will apply the new guidelines. There is presently nothing in the guidelines addressing educational expenses. The change is explained in the Commentary:

> "The drafters believe that in general, the basic support obligation is sufficient to provide for the educational needs of the child. When that is not true, a proponent may make a showing under OAR 137-50-330(2) which may be sufficient to cause an addition to the basic support amount based on the actual needs of the child." *Oregon Child Support Guidelines Commentary* 5 (1991).

Therefore, on remand, the court must determine whether mother has overcome the presumption that the presumed basic support level is sufficient or whether it should be increased to reflect the extracurricular activities. OAR 137-50-330(2)(a)(G).

■ Mother next assigns error to the trial court's denial of her request that father pay an additional $97 a month, instead of receiving a credit for the cost of medical insurance for the child. The trial court ordered both parents to provide insurance through their employers. Father contends that the court properly gave him the credit under OAR 137-50-410.[7]

---

[6] The earlier version of OAR 137-50-440 provided:

"The basic child support obligation may be increased by a reasonable amount to recognize education expenses incurred on behalf of joint children."

[7] OAR 137-50-410 provides:

"(1) If the assignee or custodial parent has elected to have health and dental insurance included in the order, the Administrator, Hearings Officer or Court shall follow the procedure set out in subsections (a) and (b) of this section and section (2) of this rule.

"(a) Determine whether group health and dental insurance is available to the obligor through his/her employer or union.

"(b) Determine the cost to the obligor of adding the joint child or children to such insurance.

That rule, however, provides that a court may give a credit for insurance only when "the assignee or custodial parent has elected to have health and dental insurance included in the [child support] order." OAR 137-50-410(1). It is not applicable here, because the custodial parent has not made that election. Mother contends that, because she can acquire insurance through her employer for $12 a month, she should be allowed to purchase all of the insurance. Father testified that he prefers the insurance program that he receives through his employer and that, when he begins insuring himself and his new family, the per-person cost of insurance will be less than half of the $97 he now pays for the child. We agree with the trial court that both parents should provide health insurance for the child through their employers. However, under the rules, father is not entitled to a credit for insurance.

■    Finally, mother contends that expected orthodontic expenses should be added to the basic support obligation as a medical expense under OAR 137-50-430.[8] Orthodontic expenses that are not covered by insurance should be considered a medical expense under the guidelines when there is evidence of the need, cost and timing of those expenses. However, there was not sufficient evidence to make that determination and, therefore, the trial court did not err in omitting that expense and simply ordering that the parties each pay one-half of any uninsured medical and dental expenses.

---

"(2) In every case whether an obligee or assignee of support rights has elected to have the subject child named as a beneficiary on the health and dental insurance plan available to the obligor through his/her employment or union, it shall be ordered. The amount of the child support order *may be reduced* by an amount equal to all or a part of the cost of adding the joint child to such insurance. No reduction shall be allowed for the cost attributable to covering the obligor under such insurance. In determining whether or not to reduce the amount of the order under this rule, the Administrator, Court or Hearings Officer shall consider the criteria set forth in Rule 137-50-330(2)." (Emphasis supplied.)

[8] OAR 137-50-430 provides:

"The basic child support obligation may be increased by a reasonable amount which recognizes recurring medical costs or cost of medical insurance incurred on behalf of joint children by the custodial parent. Such an increase is allowable only to the extent that such medical costs are not paid by health or other insurance."

Remanded to reconsider child support; otherwise affirmed. Costs, not including attorney fees, to mother.