Argued and submitted January 19, reversed and remanded February 15, 1995

In the Matter of the Marriage of

Laurie Ann HARDIMAN,
*Petitioner,*
*and*

Jeffery Donald HARDIMAN,
*Respondent.*

STATE OF OREGON,
DEPARTMENT OF HUMAN RESOURCES,
*Appellant,*

*v.*

Jeffery Donald HARDIMAN,
*Respondent,*
*and*

Laurie Ann HARDIMAN,
nka Blair,
*Obligee.*

(90-0914; CA A84128)

889 P2d 1354

Janie M. Burcart, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

## PER CURIAM

Mother appeals from a judgment that reduced father's child support obligation. On *de novo* review, ORS 19.125(3), we reverse and remand.

The parties ended their five-year marriage in 1990. The trial court awarded wife custody of their child and ordered husband to pay $235 per month in child support. Later, mother, through the Support Enforcement Division, sought a modification of father's child support obligation. The referee entered an order reducing father's obligation to $175 per month. Mother appealed to the circuit court. ORS 416.427(6). At the hearing, the parties gave evidence that father is remarried and mother is living with another partner. The trial court, in calculating the presumptive child care obligation of each parent, included the wages of each parent's new partner. Next, it reduced the presumptive amount without applying any of the criteria under the guidelines and ordered father to pay $170 per month in child support.

The state appeals, asserting that the trial court erred in considering the income of each parent's new partner in determining the presumptive child support obligation. We agree. In calculating gross income under the guidelines, the only items that are included are the parents' income and, in some cases, their potential income.[1] ORS 25.275; ORS 25.280; OAR 137-50-320(3); *Ainsworth and Ainsworth*, 114 Or App 311, 314, 835 P2d 928 (1992).

Reversed and remanded to reconsider child support.

---

[1] The income of the parties' new partners may be considered under OAR 137-50-330(2)(a)(J) to rebut the presumed amount.